**Mary J. Russell Smith, Appellant, v. City of Peoria, Appellee.**

### Gen. No. 6,526.   (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed February 12, 1918.

### Statement of the Case.

Action by Mary J. Russell Smith, plaintiff, against City of Peoria, defendant, to recover the cost, originally paid by plaintiff as an abutting property owner, of that portion of the paving of the street taken and occupied by a street railway company, under an ordinance of the defendant providing that a company taking and occupying for street railroad purposes a por-

tion of a paved street, the paving of which had been paid for by abutting property owners, should pay to defendant a ratable proportion of the cost of the street as the part so taken and occupied compared to the entire width of the street, for the use of such property owners. From a judgment for defendant, on demurrer to the declaration, plaintiff appeals.

Taxes for the pavement of the street in question were paid by plaintiff in 1896. At the time the ordinance providing for such paving was passed there was in force the ordinance in question, upon which this action was based, providing further that it should be a part of every franchise right thereafter granted by the city council to any person or corporation. In 1914 the council granted a franchise for the construction of an additional railway line on the street, and did not require a compliance with this ordinance, but permitted the grantee to take a part of the street upon paying into the city treasury a sum computed at $72\frac{1}{2}$ cents a square yard for such part, to be distributed to such property owners as were rightful claimants therefor. The declaration also alleged that this sum required to be paid did not represent 25 per cent. of the cost of the improvement.

I. C. Pinkney, for appellant; George K. Beasley, of counsel.

R. H. Radley, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

### Abstract of the Decision.

1. Municipal corporations, § 97*—*what is right of city as to revoking ordinance.* A city council has no power to bind the city by an ordinance providing that any street railway franchise there-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Smith v. City of Peoria, 209 Ill. App. 78.

after granted should be subject to the grantee paying to the city, for the use of contiguous property owners who had paid a special assessment for the paving of the street occupied by such grantee, a ratable proportion of the cost of the paving for the part of the street so occupied by the grantee, so as to deprive succeeding city councils of the power to repeal such ordinance, either expressly or by implication, or to depart from its terms.

2. STREET RAILROADS, § 35*—*what construction given ordinance relating to payment by street railway of cost of paving street to city for benefit of property owners.* Where a declaration alleged that a city council had passed a certain ordinance providing that the grantee of any street railway franchise thereafter granted should pay to the city for the use of the property owners who had paid assessments for the paving of the street occupied by the grantee the cost of the paving for the part of the street so occupied, and that 18 years after plaintiff had paid such assessment as such property owner a franchise was granted by the defendant city without such payment by the grantee to the city of the full cost, but only 25 per cent. thereof of that part of the paving occupied by the grantee, *held*, on demurrer, that to so construe such ordinance as to apply after such lapse of time from the laying of the pavement would be so unreasonable as to make the ordinance void, as the court judicially knows such pavements, brick, do not last forever but wear out.

NIEHAUS, J., took no part.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.